THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRANK CAMPBELL, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C23-1230-JCC<br><br>ORDER OF DISMISSAL |

　　　*Pro se* Plaintiff, Cortez Daundre Jones, filed a complaint against Frank Campbell, Valentine Campbell, Cyrus Campbell, and Anna C. Kennedy. (Dkt. No. 1-1.) The complaint contains no allegations nor requests for relief. *Id.*

　　　Under 28 U.S.C. § 1915(e), the Court must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also id*. § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

　　　The Court has reviewed Plaintiff's complaint and DISMISSES it for two reasons. First, Plaintiff fails to indicate the basis for this Court's jurisdiction. Second, the complaint includes no factual allegations, claims, or requests for relief. (Dkt. No. 1-1.) An empty complaint clearly does not set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Instead, factual allegations must be "enough to raise

1 | a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
2 | (2007).
3 |       For the foregoing reasons, the complaint is DISMISSED without prejudice. This
4 | dismissal renders consideration of IFP status moot.

      DATED this 1st day of September 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL
C23-1230-JCC
PAGE - 2